# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE SENDEJO,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:12-cv-01072-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

### I.  INTRODUCTION

Plaintiff Yvonne Sendejo ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits and disability insurance benefits pursuant to Title II and XVI, respectively, of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record and based upon proper legal standards. Accordingly, the Court affirms the Commissioner's determination.

## II. BACKGROUND

### A. Overview of Administrative Proceedings

On October 22, 2007 Plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability beginning December 31, 2006. AR 150-53.[1] Plaintiff's application was denied initially and on reconsideration. AR 88, 96. Subsequently, Plaintiff requested a hearing before an ALJ. AR 101. In a decision dated May 25, 2011, the ALJ found that Plaintiff was not disabled because, despite some impairment, Plaintiff retained the residual functional capacity to perform medium work. AR 10-20. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on May 2, 2012. AR 1-4. Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g).

### B. Plaintiff's Background and Testimony

The ALJ held a hearing on February 17, 2011 in Bakersfield, California. AR 27. Plaintiff, who was represented by counsel, appeared and testified. *Id.* Impartial Vocational Expert Kenneth Ferra (the "VE") also testified. AR 52-53.

Plaintiff was 49 years old at the time of the hearing and lives alone in Bakersfield, California. AR 29, 36. Plaintiff has completed high school and has an associate degree in business. AR 30, 40. Plaintiff's past experience includes work as a home aide for her mother and an office aide. AR 30, 32. Plaintiff does her own cooking, grooming, cleaning, and laundry. AR 36-38. However, Plaintiff usually has to take breaks every 15 to 20 minutes and rests two or three times a day for an hour. AR 40, 43. Plaintiff also walks and takes care of her three dogs. AR 36, 38. Plaintiff's brother-in-law assists Plaintiff when shopping. AR 37.

In regards to her use of drugs and alcohol, Plaintiff testified that "I had used cocaine in the past. I had used PCP quite some time ago. I haven't done that for a lot of years, and I tried methamphetamine for a while. I don't do any of that anymore . . . . I don't drink alcohol." AR 32. Plaintiff testified that she had not used illegal drugs for two to three years. AR 34. When asked how

---

[1] References to the Administrative Record cite to "AR," followed by the corresponding page number to the Administrative Record.

she recently stopped using drugs, Plaintiff testified that "I realized it was making me sicker. I felt worse. I felt the effects more of the illness." AR 47.  When asked about her report in December 2010 that she drank a couple of beers daily, Plaintiff stated "I don't drink like now" and "[m]aybe I did say that at the time."  AR 46.

Plaintiff testified that she could not stand or sit for more than 15 or 20 minutes at a time.  AR 44. Plaintiff can only walk two or three blocks before needing to rest.  *Id.*  Plaintiff can lift five to ten pounds.  AR 44.  Plaintiff sometimes has trouble with handling objects, such as zippers and utensils.  AR 50.  Plaintiff testified that she could not sit for six hours out of an eight-hour workday. AR 50.  Plaintiff has trouble sleeping.  AR 51. Plaintiff testified that she has pain in her feet, knees, arms, neck, and hands.  AR 39.  Plaintiff testifies that she suffers from swelling in her hands. AR 39.

Thereafter, the ALJ elicited the testimony of the VE.  AR 52.  The VE was asked to consider the jobs a hypothetical worker of Plaintiff's age, education and work experience could complete. AR 54.  This hypothetical worker would be capable of carrying out simple instructions, maintaining concentration and attention over extended periods for simple tasks, sustaining appropriate interaction with the public and maintaining relationships with co-workers and supervisors.  *Id*.  This person could also lift 50 pounds occasionally and 25 pounds frequently; stand or walk with breaks for six hours in an eight-hour workday, with no other limitations.  AR 54-55.  The VE indicated that such an individual could not perform Plaintiff's past work.  AR 55.  However, such an individual could perform the full range of medium, light, and sedentary unskilled labor.  *Id*.

Plaintiff's attorney then asked the VE to consider an individual who could not work eight hours a day for five days a week due to pain or depression.  AR 55.  The VE testified that that the individual could not perform any work.  *Id.*

**C.   Medical Record**

The entire medical record was reviewed by the Court.  The Court will reference the medical evidence to the extent it is necessary to the Court's decision.

**D.     The ALJ's Decision**

On May 25, 2011, the ALJ issued a decision finding that Plaintiff had not met her burden to show that she was disabled within the meaning of the Act. Specifically, the ALJ made the following relevant findings:

1. Plaintiff has not engaged in substantial gainful activity since December 31, 2006, the alleged onset date;

2. Plaintiff has the following severe impairments: rheumatoid arthritis; sjogren's syndrome; possible systematic lupus erythematous; Hepatitis C viral infection; depressive disorder; drug addiction; and alcoholism;

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926;

4. Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently; sit, stand and walk about six hours in an eight hour workday; and understand, remember and carry out simple instructions;

5. Plaintiff is unable to perform any past relevant work;

6. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a));

7. Plaintiff has not been under a disability, as defined in the Act, from December 31, 2006 through the date of the ALJ's decision (20 CFR 404.1520(g) and 416.920(g)).

## III.     DISCUSSION

Plaintiff's appeal presents a single challenge to the ALJ's decision: Plaintiff contends the ALJ failed to credit the opinions of Dr. Kenneth Hsu, Plaintiff's former treating rheumatologist, which would have resulted in a finding of disability.

4

### A. Standard of Review

To be disabled, a claimant must have a severe medical impairment capable of lasting at least twelve months, such that in light of his medical and vocational limitations he cannot engage in either his past work or in any work existing in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3). The claimant will be found disabled if he either satisfies all the elements of this definition or has a medical condition which is defined as disabling under the Commissioner's "listings." *See* 20 C.F.R. 404.1520. The Commissioner prescribes the order in which the ALJ considers these factors, and instructs the ALJ to end his inquiry as soon as he reaches a dispositive finding, either in that the claimant fails to satisfy an element of disability or in that he satisfies a listing. This sequential process is intended to help ensure that determinations are uniform, administratively efficient, neutral, and carefully documented. 20 C.F.R. 404.1594(b)(5); *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999) (sequential process embodies "presumptions about disabilities, job availability, and their interrelation" which "grow out of the need to administer a large benefits system efficiently").

Congress has provided a limited scope of judicial review of the Commissioner's finding that a claimant is not disabled. This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla," *id.*, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the Court may not substitute its judgment. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996).

### B. The ALJ's Evaluation of Medical Opinion Testimony

Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

5

(examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Id.* (citing *Winans v. Bowen*, F.2d 643, 647 (9th Cir. 1987)). At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate" reasons supported by substantial evidence in the record for doing so. *Id.* (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

Dr. Hsu submitted a medical source statement dated April 21, 2011. Dr. Hsu markedly limited Plaintiff's functional ability based on fibromyalgia in her hands, feet and knees, lupus and rheumatoid arthritis. Dr. Hsu further opined the following: that Plaintiff could lift no more than 10 pounds occasionally because of her swollen joints; Plaintiff could sit up for 30 minutes at one time, stand 20 minutes at one time and walk 25 minutes at one time; sit up to two hours in an eight hour work day and could stand and walk only 20 to 25 minutes in an eight-hour work day. Dr. Hsu concluded Plaintiff would have difficulty maintaining any job for more than two hours at one time. AR 572-577.

The ALJ acknowledged that Dr. Hsu had treated Plaintiff for several years and that his diagnosis of rheumatoid arthritis and lupus was confirmed with laboratory studies. However, the ALJ gave little weight to Dr. Hsu's opinion, and instead, afforded great weight to the opinions of state agency consultants Dr.'s Mitchell and Bobba. On May 27, 2008, State agency physician, Julie M. Mitchell, M.D., completed an RFC assessment of Plaintiff, finding that based on her Lupus, Arthritis and Hepatitis C, Plaintiff was limited to carrying 50 pounds occasionally and 25 pounds frequently; could sit for up to 6 hours; and could stand or walk for up to 6 hours in an 8-hour work day. AR 58, 457-61. Dr. Mitchell noted Plaintiff's August 2007 possible seizure post-illegal drug use and that Plaintiff had sought pain medication from multiple concurrent providers. AR 461. On March 10, 2009, State agency physician Lavanya Bobba, M.D., affirmed these findings. AR 77, 479-81.

Plaintiff argues Dr. Hsu's opinions should have been fully credited. Since Dr. Hsu's opinions were contradicted by those of Dr.'s Mitchell and Bobba, the ALJ was required to provide "specific and legitimate reasons" to discount Dr. Hsu's opinion. *Orn v. Astrue*, 495 F.3d 625, 632-33 (9th Cir. 2007). The factors that the ALJ could consider in evaluating Dr. Hsu's opinions include the following: (1) the examining relationship; (2) the treatment relationship, including (a) the length of the treatment relationship or frequency of examination, and the (b) nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors that support or contradict a medical opinion. 28 C.F.R. § 404.1527(d).

The ALJ provided specific and legitimate reasons to discount Dr. Hsu's opinions. One of the reasons the ALJ gave for discrediting Dr. Hsu's opinion is that it is not well supported by the medical record. AR 18. For example, Dr. Hsu failed to cite any medical or clinical findings for the environmental limitations placed on Plaintiff. AR 576. Additionally, Plaintiff's treatment records provided "no studies [to] substantiate [Dr. Hsu's] diagnosis of fibromyalgia" and that "evidence has never shown trigger points consistent with fibromyalgia." AR 18. Indeed, Dr. Hsu's opinion on Plaintiff's limitations was not supported by his own treatment notes. "Dr. Hsu's physical examination findings [were] generally normal." AR 18. "Although the laboratory studies support some diagnoses, physical examinations were unremarkable throughout this period, except for two

occasions, once in October 2010 and once in January 2011. Even then, the only positive findings were some mild swelling and tenderness in the spine. X-rays of the hands and feet were negative except for mild changes in the left hand and right foot." AR 17; *See also,* AR 548, 580 - 583, 585.

Similarly, Dr. Hsu's opinions on Plaintiff's limitations were not supported by other medical evidence in the record. On April 19, 2007, Plaintiff presented at Kaiser Permanente and "no deformities" were noted regarding Plaintiff's hand joints with "no synovial swelling, warmth or redness." AR 385. On January 3, 2008, Plaintiff saw Cynthia Faye Rubio, M.D., who noted that Plaintiff exhibited "no edema and no tenderness," "1+ synovitis of wrists and second to fourth MCPs," "normal sensation, normal strength and normal reflexes," "no weakness, normal coordination and normal gait," "normal muscle tone," and "normal Straight Leg Raise Test." AR 357-58. Plaintiff's bilateral bicep and patellar reflexes were also normal at 2+. AR 357.

The ALJ also noted that Dr. Hsu's opinions were contradicted by Plaintiff's own testimony. Dr. Hsu concludes that Plaintiff could not walk for more than 1 hour and 20 minutes in an eight hour work day; however, this is inconsistent with Plaintiff's own testimony. Plaintiff stated that she could spend two hours on her feet moving around if she could take breaks. AR 48. Dr. Hsu concluded that Plaintiff could not use a telephone to communicate. AR 575. However, Plaintiff has stated that she talks to other people on the telephone. AR 219. Dr. Hsu also stated that Plaintiff could never lift or carry more than ten pounds and could never kneel or crouch. AR 527, 575. However, Plaintiff testified that she cooks, cleans, takes her laundry to a neighbor's home, and takes care of three dogs. AR 36-38. All of these actions suggest that Plaintiff is less restricted then Dr. Hsu's report indicates.

Dr. Hsu's unfamiliarity with Plaintiff's personal activities, and how they affect her health, also undermines his credibility. Plaintiff testified that her medications effectively relieved her lupus symptoms, without side effects. AR 35-36. Plaintiff was not compliant with her treatment program, demonstrating long gaps in treatment and medication usage, which reasonably explain the increased joint pain reported. AR 17, 356, 506. Dr. Hsu's opinion is also unreliable in light of the fact that Dr. Hsu's progress notes do not reflect Plaintiff's history of drug and alcohol abuse. Indeed, Dr. Hsu's unfamiliarity with Plaintiff's drug and alcohol problems go to the heart of Dr. Hsu's medical opinions.

8

Finally, the ALJ found that Dr. Hsu's opinion appeared to be based upon Plaintiff's description of her limitations, rather than his own medical opinion.  Where a treating physician's opinion relies primarily on the claimant's discredited subjective complaints, an ALJ may properly reject the opinion on that basis.  *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).  The ALJ discussed at length the inconsistencies in how Plaintiff described her alcohol and drug use.  AR 14-18.  Plaintiff's medical records demonstrate that she continued to engage in drug and alcohol abuse even after her alleged disability onset date.  AR 279-87; 483-84. It was proper for the ALJ to discount Dr. Hsu's opinions because they were based on Plaintiff's subjective symptom testimony, which lacked credibility.

The ALJ correctly gave greater weight to the state agency physicians because they were most consistent with the record.  AR 18.  The opinions of non-examining physicians are substantial evidence so long as other evidence in the record supports those findings. *Saelee v. Chater*, 94 F.3d 520, 522; *Magallanes,* 881 F.2d at 752.  See 20 C.F.R. § 416.927(d)(4).  Plaintiff's statements concerning her activities of daily living, as well as the objective medical evidence in the record, are most consistent with the opinions of Dr. Mitchell and Dr. Bobba.  The evidence in the record is not consistent with Dr. Hsu's more restrictive opinions.

Accordingly, this Court finds the ALJ provided specific and legitimate reasons for giving Dr. Hsu's opinion little weight. Therefore, the ALJ did not err and his findings are supported by substantial evidence.

/././

/././

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Yvonne Sendejo.

IT IS SO ORDERED.

Dated:   **September 4, 2013**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE